UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PRICE THOMAS,<br>　　　　Plaintiff,<br>　　v.<br>VULCAN MATERIALS COMPANY, et al.,<br>　　　　Defendants. | Case No. 19-cv-06042-KAW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br>Re: Dkt. No. 12 |

Plaintiff Gary Price Thomas filed the instant action against Defendants Vulcan Material Company, Inc. ("Vulcan"), Jeff Nehmens, and Phil Miller (collectively, "Vulcan Defendants"), as well as Teamsters Union Local 665 ("Local 665"), Teamsters Union Local 853 ("Local 853"), Mike Yates, Mark Gleason, and Rodney Smith (collectively, "Union Defendants"). Plaintiff alleges various causes of action based on his February 22, 2018 termination. (*See* Compl. ¶ 1, Dkt. No. 1-1.)

Pending before the Court is the Union Defendants' motion to dismiss. (Defs.' Mot. to Dismiss, Dkt. No. 12.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b), and VACATES the December 5, 2019 hearing. Having reviewed the parties' filings and the relevant legal authority, the Court GRANTS the Union Defendants' motion to dismiss.

### I. BACKGROUND

Plaintiff was an employee of Shamrock Materials, whose parent company is Defendant Vulcan. (Compl. ¶¶ 1-2.) On February 7, 2018, Plaintiff attended a meeting, where earthquake safety was discussed. (Compl. ¶¶ 15-17, 19.) During the meeting, complained that the "worksite was an earthquake deathtrap and Plaintiff [had] been denied documentation, acknowledgment of

the danger." (Compl. ¶ 18.) On February 9, 2018, Supervisor Tyler Cagros submitted an employee corrective action letter against Plaintiff under "Group C Work Rules," based on the events of the February 7, 2018 meeting. (Compl. ¶ 19.)

Plaintiff reported the incident to Defendant Yates, the president of Defendant Local 665. (Compl. ¶¶ 6, 20.) On February 21, 2018, Plaintiff filed a grievance with Defendant Local 665 against Defendant Vulcan. (Compl. ¶ 23.) Shortly thereafter, Plaintiff received a call from a union representative regarding a February 22, 2018 meeting with Defendant Vulcan. (Compl. ¶ 23.) On February 22, 2018, Plaintiff met with Defendants Vulcan and Local 665, and learned he was being terminated for violation of "Group C Rules." (Compl. ¶ 24.)

Plaintiff alleges that in June 2019, Plaintiff "discovered" that the Collective Bargaining Agreement ("CBA") between Defendants Local 665 and Vulcan "was void before it began as a matter of law because it denied parties to the agreement the right to the protection of life." (Compl. ¶ 25.)

On November 29, 2018, Plaintiff received a Board of Adjustment Grievance meeting letter of confirmation from Defendant Gleason. (Compl. ¶ 26.) On December 19, 2018, the meeting was held. (Compl. ¶ 26.) Plaintiff alleges that Defendants Local 665, Vulcan, and Local 853 "conspired and staged a fraudulent Board of Adjustment grievance procedure," as the CBA was void. (Compl. ¶¶ 27, 29.) Plaintiff further alleges that he was terminated under the Group C Work Rules, but that those Rules are for non-union member employees, further evidencing that the CBA was void. (Compl. ¶ 29.)

On August 26, 2019, Plaintiff filed the instant action in the County of Marin Superior Court. (Compl. at 1.) Plaintiff asserted claims for: (1) whistleblower protection per Labor Code § 1102.5, (2) violation of California Code of Regulations § 1509(a), (3) wrongful constructive termination of employment in violation of Labor Code § 1102.5 and the Fair Employment Housing Act ("FEHA"), (4) conspiracy, (5) fraud, (6) violation of Labor Code § 1102.5, and (7) intentional infliction of emotional distress ("IIED"). (Compl. at 7-14.) On September 25, 2019, Defendants removed the case to federal court. (Not. of Removal, Dkt. No. 1.)

On October 2, 2019, the Union Defendants filed the instant motion to dismiss.[1] On October 25, 2019, Plaintiff filed a late opposition to the motion. (Pl.'s Opp'n, Dkt. No. 21.) The Union Defendants did not file a reply.[2]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th

---

[1] The Vulcan Defendants filed an answer on October 2, 2019. (Dkt. No. 7.)

[2] On November 14, 2019, Plaintiff filed a "Judicial Notice of General Federal Conspiracy Statute 18 U.S.C. § 371; Against All Defendants FRCP, 201." (Dkt. No. 22.) This document raised new facts not pled in the complaint, specifically a separate CBA. As none of these facts were pled in the operative complaint, the Court will not address these arguments nor those raised in the Union Defendants' November 21 and 22, 2019 objections. (Dkt. Nos. 23-24.) Moreover, as discussed below, the conspiracy claim must be dismissed with prejudice because it is a criminal statute, for which there is no private cause of action.

3

Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

If the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

## III. DISCUSSION

### A. First and Sixth Causes of Action: Cal. Labor Code § 1102.5: Whistleblower Retaliation

The Union Defendants argue that Plaintiff's first and sixth causes of action for violation of California Labor Code § 1102.5 must be dismissed because the Union Defendants are not Plaintiff's employer. (Defs.' Mot. to Dismiss at 2-3.) Section 1102.5 prohibits "[a]n employer, or any person acting on behalf of the employer," from retaliating against a whistleblower. Courts in this Circuit have found that § 1102.5 imposes liability only on the employer, not on persons acting on behalf of the employer. *Tillery v. Lollis*, No. 14-cv-2025-KJM-BAM, 2015 U.S. Dist. LEXIS 106845, at *26 (E.D. Cal. Aug. 12, 2015) (finding that § 1102.5 "uses the kind of language commonly associated with imposition of liability on an employer alone"); *United States v. CardioDx, Inc.*, Case No. 15-cv-1339-WHO, 2019 U.S. Dist. LEXIS 83784, at *40 (N.D. Cal. May 17, 2019) ("every district court to address the question . . . has concluded that . . . the statute does not impose personal liability on someone like Kemp, who at all times was acting on behalf of her former employer).

Here, Plaintiff alleges that he is an employee of Shamrock Materials only, and that Defendant Vulcan is the parent company of Shamrock Materials. (Compl. ¶¶ 1-2.) In his opposition, Plaintiff does not dispute that the Union Defendants are not his employers, or that they are not persons acting on behalf of his employer. Instead, Plaintiff simply states that he opposes

4

the Union Defendants' motion and cites page 7, lines 20-24 of his complaint, which states: "First Cause of Action (Violations of 1.1 Labor Code § 1102.5) (General Whistleblower Protection ) (Against all Defendants)." (Compl. at 7.)

As the Union Defendants are not Plaintiff's employer or a person acting on behalf of the employer, the Court dismisses these claims against the Union Defendants with prejudice. Moreover, it does not appear that the Union Defendants can be held liable even if they were "person[s] acting on behalf of the employer," as § 1102.5 imposes liability only on the employer.

### B. Second Cause of Action: California Code of Regulations § 1509(a): Illness and Injury Prevention Program

California Code of Regulations § 1509(a) requires: "Every employer shall establish, implement and maintain an effective Injury and Illness Prevention Program in accordance with section 3203 of the General Industry Safety Orders." Plaintiff's claim is brought against Defendant Local 665 and Vulcan only. (Compl. at 8.)

The Union Defendants again argue that Defendant Local 665 cannot be held liable for this claim because it is not Plaintiff's employer. (Defs.' Mot. to Dismiss at 3.) Plaintiff does not address this claim in his opposition. The Court agrees that dismissal with prejudice is warranted as Defendant Local 665 is not Plaintiff's employer.

### C. Third Cause of Action: Wrongful Constructive Termination of Employment in Violation of Labor Code § 1102.5 and FEHA

The Union Defendants contend that dismissal of the § 1102.5 claim is warranted because they are not Plaintiff's employer. Additionally, the Union Defendants argue that Plaintiff is ultimately bringing a duty of fair representation claim, notwithstanding its labeling as a FEHA wrongful termination claim. (Defs.' Mot. to Dismiss at 3-4.) Again, Plaintiff does not address these arguments in his opposition.

For the reasons discussed above, this claim must be dismissed as to the Union Defendants to the extent it relies on Labor Code § 1102.5. As to the FEHA claim, the complaint lacks sufficient information for the Court to determine if it would be subsumed by a duty of fair representation claim.

The duty of fair representation "requires the union to serve the interests of all members without hostility or discrimination toward any." *Guidry v. Marine Engineers #39*, Case No. 11-cv-5347-CRB, at *6 (N.D. Cal. Feb. 28, 2012) (internal quotation omitted). It is implicitly "derive[d] from Section 9(a) of the National Labor Relations Act ("NLRA"), which grants unions the exclusive power to represent all employees of the collective bargaining unit," and thus "federal law governs claims for its breach." *Id.* at *6-7 (internal quotation and citations omitted). Thus, "[t]o bring a successful state law action, aggrieved workers must make a showing of additional duties, if they exist, beyond the normal incidents of the union-employee relationship. Such duties must derive from sources other than the union's status as its members' exclusive collective bargaining representative, such as an express provision of the collective bargaining agreement or a collateral contract." *Adkins v. Mireles*, 526 F.3d 531, 539-40 (9th Cir. 2008).

Here, it is not clear on what facts the FEHA claim is based, or which specific sections of FEHA Plaintiff asserts were violated. For example, it is not clear if Plaintiff is asserting a FEHA violation based on his termination after filing a complaint about the work conditions, or if he is asserting that the Union Defendants discriminated against him during their representation of him during the termination proceedings. While Plaintiff states he was terminated because of his "protected status," he does not identify his protected status. (*See* Compl. ¶ 41.) Absent such information, the Court cannot determine at this time if his FEHA claim would be preempted. *See Martinez v. Kaiser Found. Hosps.*, Case No. 12-cv-1824-EMC, 2012 U.S. Dist. LEXIS 93091, at *23 (N.D. Cal. July 5, 2012) (finding that FEHA claims were not preempted because the duty not to discriminate arose "from a source other than the Union's status as its members' exclusive collective bargaining representative"); *Swain v. Dywidag-Sys. Int'l USA, Inc.*, Case No. 09-cv-1096-JW, 2009 U.S. Dist. LEXIS 47263, at *15 (N.D. Cal. June 4, 2009) (finding that FEHA claims were not preempted because they arose from sections prohibiting a labor organization from discriminating on the basis of sex in the selection of, training, or discharge of a person from an apprenticeship training program).

Because Plaintiff has not alleged sufficient facts to determine what his FEHA claim is based on, the Court dismisses the FEHA claim without prejudice as to the Union Defendants. In

6

his amended complaint, Plaintiff must identify the specific wrongful acts underlying his FEHA claim, as well as the FEHA sections he asserts were violated.

### D. Fourth Cause of Action: Conspiracy

The Union Defendants argue that the conspiracy claim must be dismissed because conspiracy is not a separate claim under California law. (Defs.' Mot. to Dismiss at 4.) In the alternative, the Union Defendants contend that the conspiracy claim fails to meet the heightened pleading requirements. (*Id.* at 4-5.)

In his opposition, Plaintiff for the first time articulates that his conspiracy claim is based on 18 U.S.C. § 371. (Pl.'s Opp'n at 1-2.) 18 U.S.C. § 371, however, is a **criminal** statute, and courts throughout the country have found there is no private cause of action under this statute. *See Henry v. Universal Tech. Inst.*, 559 Fed. Appx. 648, 650 (9th Cir. 2014) (affirming the district court's dismissal of a § 371 claim "because th[i]s statute[] do[es] not provide for a private right of action"); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (affirming dismissal of a § 371 claim "because these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action"); *Ou-Young v. Roberts*, Case No. 13-cv-4442-EMC, 2013 U.S. Dist. LEXIS 179213, at *19 (N.D. Cal. Dec. 20, 2013) (dismissing § 371 claim "because the subject federal criminal statutes to not provide a private right of action"); *Gidding v. Zurich Am. Ins. Co.*, Case No. 15-cv-1176-HSG, 2015 U.S. Dist. LEXIS 151947, at *13 ("Gidding is precluded from asserting any claims under 18 U.S.C. § 371 because it is a criminal statute that does not create a private right of action"); *Rockerfeller v. U.S. Court of Appeals Office*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) ("[T]he plaintiff is precluded from asserting any claims pursuant to 18 U.S.C. §§ 242 and 371 because, as criminal statutes, they do not convey a private right of action."). Accordingly, the Court dismisses this claim against the Union Defendants with prejudice.

### E. Fifth Claim: Fraud

The Union Defendants argue that dismissal of the fraud claim is warranted because it is preempted by the Labor Management Relations Act ("LMRA"). The Court agrees. "LMRA § 301 preempts state-law claims that are substantially dependent upon analysis of the terms of an

agreement made between the parties in a labor contract. More specifically, LMRA § 301 will operate to preempt a state-law claim whose resolution depends upon the meaning of a CBA." *Adkins*, 526 F.3d at 539. In *Adkins*, the Ninth Circuit found that a fraud claim was preempted because the "claim depends upon the meaning of the CBA [as] the central factual allegation relates to whether [the union] represented falsely the CBA itself, regardless of the negotiation or ratification process." *Id.* at 541.

Here, Plaintiff alleges that Defendants engaged in fraud during the grievance procedure because they "concealed the material fact that the [CBA] between VULCAN, SHAMROCK and Union 665 was void by statute." (Compl. ¶ 54.) Importantly, Plaintiff does not allege that the CBA is void because of any defects in the negotiation or ratification process, but instead asserts that the CBA "was void before it began as a matter of law **because it denied parties to the agreement the right to the protection of life**." (Compl. ¶ 25 (emphasis added).) In other words, whether the CBA is void requires the Court to analyze the CBA to determine if the CBA terms do, in fact, deny the parties "the right to the protection of life." (Compl. ¶ 25.) Thus, the resolution of Plaintiff's fraud claim "depends upon the meaning of a CBA," and is preempted by the LMRA.

In his opposition, Plaintiff does not dispute that his fraud claim is preempted, but states that "[a]s result the Union Defendants removed plaintiff complaint for damages from the State Court without specifying the dates to verify the specific collective bargaining agreement that Governed Plaintiff Employment, is Fraud, Of the the defendants Memorandum of Points and Authorities. [sic]" (Pl.'s Opp'n at 2.) This is not alleged in the complaint, nor can it be because the removal occurred *after* the complaint was filed. It is also unclear how these facts, if true, constitute fraud.

Accordingly, the Court dismisses the fraud claim against the Union Defendants with prejudice.

### F. Seventh Claim: Intentional Infliction of Emotional Distress

Finally, the Union Defendants argue that Plaintiff's claim for IIED should be dismissed with prejudice because it is effectively a duty of fair representation claim "if those claims challenge the sufficiency of the Union's representation." (Defs.' Mot. to Dismiss at 6.) Again,

however, it is unclear what facts underlie this claim, as Plaintiff only generally alleges that "Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted sever [sic] and outrageous misconduct and caused plaintiff extreme distress." (Compl. ¶ 69.) Thus, the Court cannot determine if the IIED claim is, in fact, preempted by the duty of fair representation claim. As Plaintiff fails to allege specific facts, the Court dismisses the claim without prejudice. Plaintiff shall specify the exact actions he alleges caused his emotional distress.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS the Union Defendants' motion to dismiss. Claims one, two, three (to the extent it is based on Labor Code § 1102.5) four, five, and six are dismissed with prejudice as to the Union Defendants. Claims three (to the extent it is based on FEHA) and seven are dismissed with leave to amend; Plaintiff must identify the specific actions (and statutory provisions, as to the FEHA claim) that are the basis of these claims.

Plaintiff shall file an amended complaint by **January 3, 2020**.

IT IS SO ORDERED.

Dated: December 9, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge