UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PRICE THOMAS,<br><br>  Plaintiff,<br><br>  v.<br><br>TEAMSTERS LOCAL 665, et al.,<br><br>  Defendants. | Case No. 19-cv-06042-KAW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 96, 97 |

Plaintiff Gary Price Thomas filed the instant case alleging that Defendants Teamsters Local 665, Michael Yates, Mark Gleason, Teamsters Local Union 853, and Rodney Smith (collectively, "Union Defendants") discriminated against Plaintiff by failing to properly protect Plaintiff's interests.[1] (*See* First Amended Compl. ("FAC") ¶ 44, Dkt. No. 69.) Plaintiff brings three claims against the Union Defendants: (1) wrongful employment discrimination in violation of the Fair Employment Housing Act ("FEHA"), (2) intentional infliction of emotional distress, and (3) unjust enrichment.

On August 27, 2021, Defendants filed a motion to dismiss. (Dkt. No. 96.) Plaintiff did not file an opposition, which was due by September 10, 2021. (*See* Civil Local Rule 7-3(a).) On September 24, 2021, the Court issued an order to show cause, requiring Plaintiff to file an opposition or statement of non-opposition and to explain why the opposition was not timely filed. (Dkt. No. 97 at 1.) The Court warned that failure to comply "**will** result in the Court granting

---

[1] This case was also brought against Defendants Vulcan Materials Company, Calmat Co., Jeff Nehmens, and Phil Miller (collectively, "Employer Defendants"). (*See* FAC ¶¶ 2, 5, 9.) Plaintiff and Employer Defendants have settled their claims, Employer Defendants have been dismissed from the case. (Dkt. Nos. 80, 87.) Thus, the only remaining claims are those against the Union Defendants.

Defendants' motion to dismiss." (*Id.*) Plaintiff's response was due by October 8, 2021.

To date, Plaintiff has not filed a response to the order to show cause or Defendants' motion to dismiss. "The failure to oppose a motion to dismiss constitutes an abandonment of the claims for which dismissal is being sought." *King v. Contra Costa Cty.*, Case No. 20-cv-462-SBA, 2020 U.S. Dist. LEXIS 34805, at *4 (N.D. Cal. Feb. 28, 2020); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) ("A plaintiff who makes a claim . . . in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss . . . , has effectively abandoned his claim, and cannot raise it on appeal."); *Gwaduri v. INS*, 362 F.3d 1144, 1147 n.3 (9th Cir. 2004) ("Courts have consistently exercised their discretion to grant motions on collateral issues, on the basis that, in failing to respond, the opposing party has consented to such action by the court."); Judge Westmore's General Standing Order ¶ 23 ("The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion."). Here, Plaintiff has failed to file an opposition, despite the Court effectively extending Plaintiff's opposition deadline by 4 weeks. The Court warned Plaintiff that failure to oppose would result in the case being dismissed. Accordingly, the Court GRANTS Defendants' motion to dismiss, and dismisses the case with prejudice.[2]

Moreover, the Court finds that dismissal is warranted on the merits. First, Plaintiff's FEHA claim must be dismissed for failure to plead exhaustion. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012) ("A plaintiff asserting claims of discrimination pursuant to the FEHA must exhaust the statute's administrative remedies before filing a lawsuit."). "For purposes of the FEHA, administrative remedies are exhausted by the filing of an administrative complaint with the Department of Fair Employment and Housing ('DFEH') and obtaining from the DFEH a notice of right to sue." *Id.* at 1136. Plaintiff makes no such allegations in his complaint, nor does he attach a right to sue letter. Additionally, Plaintiff alleges no facts suggesting that the Union Defendants acted based on Plaintiff's race or age other than a naked allegation that the Union Defendants' actions were "motivated, in whole or in substantial part, by Plaintiff's race, Black,

---

[2] The Court deemed this matter suitable for disposition without a hearing and vacated the November 4, 2021 hearing. (Dkt. No. 99.)

2

and age, 58." (FAC ¶ 34.) Plaintiff does not allege, for example, that similarly situated individuals not in his class were treated more favorably, or other circumstances that would give rise to an inference of discrimination. *See Hawn v. Exec. Jet Mgmt.*, 615 F.3d 1151, 1165 (9th Cir. 2010).

Second, Plaintiff fails to adequately allege a claim for intentional infliction of emotional distress. "In order to be actionable as a claim for intentional infliction of emotional distress, a defendant's conduct must be extreme and outrageous." *McCoy v. Pac. Mar. Ass'n*, 216 Cal. App. 4th 283, 294 (2013). "To be 'outrageous," the conduct must go 'beyond all bounds of decency; ordinary rude or insulting behavior is not enough." *Id.* Here, Plaintiff alleges that the Union Defendants have a collective bargaining agreement that "denied parties to the agreement the right to the protection of life," "conspired and staged a fraudulent Board of Adjustment grievance procedure" by not complying with the collective bargaining agreement, and "knowingly and intentionally conspired and terminated [P]laintiff under Group C Work Rules." (FAC ¶¶ 25, 27-29.) These facts are not sufficient to allege "extreme and outrageous" conduct. *Compare with Kane v. United Servs. Auto. Ass'n*, Case No. 17cv02581-JAH-AGS, 2018 U.S. Dist. LEXIS 164605, at *11 (S.D. Cal. Sept. 25, 2018) (finding inadequate allegations of extreme or outrageous conduct where the plaintiff alleged that the defendant withheld benefits under the policy, ignored evidence, misled him concerning the statute of limitations, failed to conduct a prompt investigation, accused him of interfering with subpoenas, damaged his professional reputation by harassing and threatening co-workers, and caused the plaintiff to receive calls from collection agencies).

Finally, Plaintiff fails to allege an unjust enrichment claim. Some California court have found that "[t]here is no cause of action in California for unjust enrichment." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010); *see also In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1076 (N.D. Cal. 2012). Rather, unjust enrichment "does not describe a theory of recovery," but is "a remedy itself." *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003). Other courts have found that "the mere existence of a contract that defines the parties' rights bars a claim for unjust enrichment." *Sloan v. GM LLOC*, Case No. 16-cv-7244-EMC, 2020

3

U.S. Dist. LEXIS 71982, at *84 (N.D. Cal. Apr. 23, 2020).  Here, Plaintiff's unjust enrichment claim is based on the failure of the Union Defendants to provide Plaintiff with lifetime medical benefits, despite his payment of dues and agreements requiring lifetime medical benefits.  (FAC ¶¶ 32-33, 86-87.)  Thus, there appears to be a contract that defines the parties' rights, barring Plaintiff's unjust enrichment claim.

Accordingly, Plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED.

Dated: November 17, 2021

_____
KANDIS A. WESTMORE
United States Magistrate Judge